**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 17 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ALFONSO HOLLIS,

        Petitioner - Appellant,

v.

STEVEN HARGETT and KEN
SALAZAR, Attorney General of the
State of Colorado,

        Respondents - Appellees.

No. 02-1032

(D.C. No. CIV-01-Z-2132)

(D. Colorado)

ORDER AND JUDGMENT  *

Before  **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

      After examining the appellant's brief and the appellate record, this panel

has determined unanimously that oral argument would not materially assist the

determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

      Alfonso Hollis, a state prisoner proceeding pro se, requests (1) a certificate

---

    * This order and judgment is not binding precedent, except under the
doctrines of res judicata, collateral estoppel, and law of the case. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2254 habeas petition and (2) authorization to proceed *in forma pauperis* ("*ifp*"). Construing Mr. Hollis' appeal liberally, we find that he raises two distinct issues on appeal: that his claim is not time-barred and that even if his claim is time-barred that he should benefit from equitable tolling. For the reasons stated below, we reject both claims and deny his request for a COA, deny *ifp* status, and dismiss the appeal.

## I. Background

On October 28, 1997, Mr. Hollis pleaded guilty in the Arapahoe County District Court to one count of theft, for which he was sentenced to six years of imprisonment and three years of mandatory parole. Although he did not file a direct appeal, Mr. Hollis filed a petition for state post-conviction relief on or around January 5, 1999; Mr. Hollis challenged the terms of his plea agreement. On January 28, 1999, a Colorado trial court denied that petition. On June 15, 2000, the Colorado Court of Appeals affirmed the trial court. On October 23, 2000, the Colorado Supreme Court denied Mr. Hollis' petition for a writ of certiorari, thereby extinguishing Mr. Hollis' state post-conviction remedy.

On October 22, 2001, Mr. Hollis filed, pursuant to 28 U.S.C. § 2254, the instant habeas corpus petition in the United States District Court for the District

of Colorado. In his habeas petition, Mr. Hollis contends that because the terms that had induced him into his plea agreement had not been met, Colorado had obtained his conviction in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Mr. Hollis also alleges violations of Article II, §§ 16 and 25 of the Colorado Constitution.

The district court denied relief and denied Mr. Hollis a COA. The district court found Mr. Hollis' 28 U.S.C. § 2254 petition time-barred by the one-year limitation period contained in 28 U.S.C. § 2244(d)(1) (as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). The district court, therefore, did not reach the merits of Mr. Hollis' claims.

## II. Discussion

Following Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), we liberally construe Mr. Hollis' charges of error because he proceeds pro se. However, in order to be entitled to a COA, Mr. Hollis must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Hollis could make this showing by demonstrating that the issues he raises are

debatable among jurists, that a court could resolve the issues differently, or that the questions presented deserve further proceedings. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

## A. Is This Claim Time Barred?

The district court began by observing that § 2244(d)(1)'s one-year statute of limitations runs from "the date on which the judgment became final by the conclusion of *direct review* or the expiration of the time for seeking such review." § 2244(d)(1)(A) (emphasis added). Here the judgment was entered in the Arapahoe County District Court on January 7, 1998, and as previously noted, Mr. Hollis did not file a direct appeal; therefore, pursuant to Rule 4(b)(1) of the Colorado Appellate Rules, which provides that notice of appeal in a criminal case must be received within forty-five days after entry of judgment, Mr. Hollis' conviction and sentence became final on February 23, 1998. Thus, the one-year limitation period commenced on February 23, 1998. Given that Mr. Hollis' conviction became final on February 23, 1998, Mr. Hollis' habeas petition is untimely, and thus must be denied, if filed on or after February 23, 1999, absent tolling of § 2244(d)(1)'s one-year statute of limitation.

The district court determined that tolling was applicable to Mr. Hollis' habeas petition. Section 2244(d)(2) directs: "The time during which a properly

filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)]." Here Mr. Hollis filed a state post-conviction petition; Mr. Hollis therefore benefits from tolling with regard to that petition.

Mr. Hollis alleges that he filed his state post-conviction petition on or about January 5, 1999. This was forty-eight days before the habeas statute of limitations would have expired absent such tolling. Following the district court, we will assume for the purposes of this order that Mr. Hollis' motion was filed on January 5, 1999. The state post-conviction proceedings remained pending until Colorado Supreme Court denied Mr. Hollis' petition for a writ of certiorari on October 23, 2000. Thereafter, the Colorado Court of Appeals issued its mandate on October 27, 2000, which affirmed the district court and denied Mr. Hollis' petition for relief. On October 27, 2000, the § 2244(d)(2) tolling associated with that state court petition ceased, leaving him the balance of his year at the time he commenced his post-conviction remedy–forty-eight days–to file his habeas petition. Therefore, on December 13, 2000, or forty-eight days after his post-conviction petition ran its course, Mr. Hollis' time in which to file his habeas appeal expired.

## B. Does Equitable Tolling Apply?

The district court also considered the application of equitable tolling. Mr. Hollis might benefit from equitable tolling because he, mistakenly, believed that his one year under the statute of limitations did not begin to run until October 27, 2000, the date on which he fulfilled his obligation to exhaust his state court remedies.

We have held that § 2244(d)(1) is indeed subject to equitable tolling, though "only in rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks omitted); accord Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). As the district court noted, equitable tolling might be appropriate when circumstances beyond a prisoner's control make it impossible for the prisoner to file the habeas petition. A necessary prerequisite to any application of equitable tolling, however, is a finding that "[the] petitioner [has] diligently pursue[d] his federal habeas claims." Gibson, 232 F.3d at 808; accord Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[T]his equitable remedy is only available when an inmate [1] diligently pursues his claims and [2] demonstrates that failure to timely file was caused by extraordinary circumstances beyond his control.").

The district court declined to apply equitable tolling because Mr. Hollis failed to "allege any extraordinary circumstances that would justify equitable

tolling in this action." Rec. doc. 7, at 4 (order and judgment of dismissal, filed Dec. 4, 2001). Mr. Hollis on appeal presses the same allegations of error, this time expressly contending that his claims are not time-barred pursuant to § 2244(d)(1). Because we conclude that the district court correctly applied the § 2244(d)(1) time bar, and that Mr. Hollis has failed to raise any substantial question regarding the district court's application of that time bar, we find equitable tolling inappropriate and accordingly deny Mr. Hollis' request for a COA.

### III. Conclusion

Having reviewed Mr. Hollis' request for a COA, his appellate brief, the district court's order, and the entire record before us, we conclude that Mr. Hollis has failed to make the required showing for a COA. Accordingly, we DENY Mr. Hollis' motion for a COA, DENY Mr. Hollis' petition to proceed *ifp*, and DISMISS his appeal.

Entered for the Court,


Robert H. Henry
Circuit Judge